**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HANCOCK BANK** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-1300** |
| **MELVIN CHRIS OLLER, et al.** | **SECTION: "G" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Hancock Bank's ("Plaintiff") Motion to Revive Judgment.[1] In the motion, Plaintiff seeks to revive a judgment[2] entered by this Court on January 27, 2017, against the Succession of Melvin Chris Oller, in the total amount of $118,585.04, consisting of a principal amount of $75,000, attorney's fees in the amount of $37,294.20, costs in the amount of $6,290.84, together with judicial interest accruing from October 31, 2016 until paid. The motion was set for submission October 28, 2026. Pursuant to Local Rule 7.5, any response to the motion was to be filed on or before October 20, 2026.[3] To date, there has been no response filed to the motion. This Court has the authority to grant an unopposed motion, although it is not required to do so.[4] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

On June 4, 2014, Plaintiff filed suit in this Court against Melvin Chris Oller and Justin Lee Mayer seeking recovery of money owed in the total amount of $102,966.07.[5] On October 6, 2014,

---

[1] Rec. Doc. 70.

[2] Rec. Doc. 64.

[3] EDLA Local Rule 7.5.

[4] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[5] Rec. Doc. 1. Justin Lee Mayer was a named defendant but did not make an appearance in the action.

Plaintiff filed a "Motion to Substitute Legal Successor for Deceased Defendant Melvin Chris Oller,"[6] which was granted by the Court.[7] On October 31, 2016, this Court entered a dismissal order[8] following a successful settlement conference.[9] On January 27, 2017, the Court granted Plaintiff's consent motion for entry of a judgment, and entered final judgment in the total amount of $118,585.04 against the Succession of Melvin Chris Oller.[10]

On October 7, 2026, Plaintiff filed the instant Motion to Revive Judgment.[11] To date, no response has been filed to the motion.

The execution and revival of federal judgments are governed by the law of the forum state.[12] Under Louisiana law, "[a] money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered."[13] A money judgment "is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by lapse of ten years from the time the judgment becomes final."[14] "The court may order the judgment debtor to

---

[6] Rec. Doc. 9.

[7] Rec. Doc. 10.

[8] Rec. Doc. 61.

[9] Rec. Doc. 63.

[10] Rec. Doc. 64.

[11] Rec. Doc. 70.

[12] *In re Clarke*, 2012 WL 4634557, at *1 (Bankr. W.D. La. Oct. 1, 2012) (citing *Sobranes Recovery Pool I, LLC v. Todd & Hughes Construction Corp.*, 509 F.3d 216, 219 (5th Cir. 2007); Fed. R. Civ. P. 69 (other citations omitted)).

[13] La. Code Civ. Proc. art. 2031.

[14] La. Civ. Code. art. 3501.

pay additional court costs and reasonable attorney fees in connection with the judgment revival action."[15]

On January 27, 2017, the Court entered judgment in favor of Plaintiff and against the Succession of Melvin Chris Oller, awarding a total of $118,585.04, consisting of $75,000 in principal, $37,294.20 in attorney's fees, and $6,290.84 in costs, together with judicial interest accruing from October 31, 2016 until paid. Plaintiff filed the instant Motion to Revive Judgment on October 7, 2026. Plaintiff represents that, as of September 29, 2026, the total amount outstanding under the judgment was $126,443.40, inclusive of $7,858.36 in accrued judicial interest, with interest continuing to accrue until paid. Because the motion was filed before the expiration of the ten-year prescriptive period, the request for revival is timely. Moreover, Plaintiff seeks revival of the judgment in the same Court and proceeding in which the original judgment was rendered, as required by Louisiana Code of Civil Procedure article 2031(A). Plaintiff also submitted a declaration of Richard Buntin, the Vice President of Hancock Whitney Bank, who declared that the judgment remains outstanding.[16] Thus, Plaintiff has satisfied the procedural requirements of revival under Louisiana Code of Civil Procedure article 2031(A). As such, the Court finds that revival of the January 27, 2017 judgment is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Revive Judgment[17] is **GRANTED.**

**IT IS FURTHER ORDERED** that the judgment entered on January 27, 2017, in favor of Hancock Bank and against the Succession of Melvin Chris Oller, in the original amount of

---

[15] La. Code Civ. Proc. art. 2031.

[16] Rec. Doc. 70-3.

[17] Rec. Doc. 70.

$118,585.04, together with judicial interest, is hereby **REVIVED** in accordance with Federal Rule of Civil Procedure 69(a), Louisiana Civil Code article 3501, Louisiana Code of Civil Procedure article 2031.

**NEW ORLEANS, LOUISIANA**, this 13th day of November, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**